

# The Attorney General of Texas

April 19, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce. Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Ben Z. Grant, Chairman
House Judiciary Committee
P. O. Box 2910
Austin, Texas 78769

Opinion No. MW-13

Re: Calculation of compensation for retired judges sitting on assignment.

Dear Representative Grant:

You have requested our opinion regarding the proper method of calculating the compensation of a retired judge who is sitting on assignment. Section 5a of article 200a, V.T.C.S., provides that a retired judge who has been assigned

> shall be paid ... an amount representing the difference between all of the retirement benefits of such judge as a retired district judge and the salary and compensation from all sources of the judge of the court wherein he is assigned, and determined pro-rata for the period of time he actually sits as such assigned judge.

You indicate that the Judicial Retirement System has construed "pro-rata" to mean that a retired judge should be compensated at 1/365 of the relevant annual salary for each working day he actually serves. You suggest that, under this method of computation, the compensation of a retired judge is only 71 percent of that of a regular judge, and you ask whether such an interpretation of section 5a is correct.

By letter dated August 30, 1962, the Comptroller of Public Accounts construed section 5a to require that an assigned judge be compensated on the basis of 1/365 of the regular judge's annual salary for each day served on assignment. The Comptroller added, however, that

> the days involved necessarily spent in traveling as well as Saturdays and Sundays involved, while sitting on the bench under an administrative order of the presiding judge of the administrative judicial district wherein such assigned judge resides, are properly

included as days of active duty, when such days are included in the administrative order.

Thus, a retired judge whose assignment began on March 1 and continued without interruption through March 28 would be entitled to receive as his total compensation an amount equal to 28/365 of the proper annual salary. See V.T.C.S. art. 6228b, §§ 7, 8b. This office has previously held that, in determining the proper method of calculating compensation, a ruling by the Comptroller "should not be disturbed unless it is clearly unreasonable." Attorney General Opinion H-645 (1975). The method set out in the Comptroller's letter avoids the problem of authorizing compensation at only 71 per cent of the regular salary. There is little practical difference between the Comptroller's method of calculating the judge's salary and other potential methods. In our opinion, the Comptroller's 1962 decision is not clearly unreasonable, and accordingly, it represents an acceptable method of calculating the compensation of a retired judge serving on assignment.

You also state that the Judicial Retirement System has construed section 5a to require that an assigned judge receive the difference between the full salary of the regular judge of the court to which he is assigned and the maximum retirement benefits payable to a retired judge. The statute makes clear, however, that this latter amount must be calculated on the basis of "all of the retirement benefits of such judge as a retired district judge." (Emphasis added). Thus, the proper method of calculation is the difference between the full salary of the regular judge and the sum of all retirement benefits actually paid to the assigned judge. If the retirement benefits of an assigned judge begin or change during a period of assignment, the calculation should be made on a daily basis, and the judge paid for each day of service an amount equal to the difference between the regular judge's salary for a particular day and the pro-rata retirement benefits assignable to that particular day.

## SUMMARY

A retired judge who is sitting on assignment is entitled to be compensated in an amount equal to the difference between the salary of the regular judge of the court to which he is assigned and the sum of all the retirement benefits actually paid to the assigned judge. Compensation may be calculated on the basis of 1/365 of the relevant annual amount for each day included within the assignment, including Saturdays and Sundays.

Very truly yours,

MARK  WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Walter Davis
Rick Gilpin
William G Reid
Bruce Youngblood